## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rendee J. Foster ) | |
| a.k.a. Jean Foster ) | |
|       Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| Collection Technology, Inc. ) | |
| ) | |
|       Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Rendee Foster a.k.a. Jean Foster, an individual consumer, against Defendant Collection Technology, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

4. Venue is proper in this Judicial District.

5. The acts and transactions alleged herein occurred in this Judicial District.

6. Plaintiff resides in this Judicial District.

7. Defendants transact business in this Judicial District.

## PARTIES

8. Plaintiff Rendee Foster (hereinafter "Plaintiff") is a natural person.

9. The Plaintiff resides in the County of Dakota, State of Minnesota.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Collection Technology, Inc. (hereinafter "Defendant") is a collection agency operating from an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, CA 91754.

12. Defendant's registered agent in the state of Minnesota is C T Corporation System, Inc., 100 South 5th Street #1075, Minneapolis, MN, 55402.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant is licensed as a collection agency by the state of Minnesota.

15. The principal purpose of Defendant is the collection of debts using the mail and telephone.

## FACTUAL SUMMARY

16. Sometime prior to March 2009, Plaintiff allegedly incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, namely an amount due and owing on a student loan (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

19. On or around March 1, 2009, an employee of Defendant called Plaintiff on her work telephone number.

20. At that time, Plaintiff informed Defendant's employee that she could not accept personal calls at work. She asked that they do not call her at work.

21. Plaintiff did not receive disclosures from Defendant CTI as required by 15 U.S.C. § 1692g within five days from this phone call.

22. On or around September 15, 2009, Plaintiff received a phone call from Defendant CTI's agent, Jesse Gutierrez ("Gutierrez"), on her work phone line. Plaintiff reiterated that she could not accept personal calls at work, and told Gutierrez that she would call him back.

23. Plaintiff called Defendant on or around that evening. Defendant's agent, Gutierrez, told her that she was in default on her student loan. She could take her loan out of default by making 10 months of on-time payments to Defendant.

24. Plaintiff agreed to make payments of $300 per month for 10 months to get out of default.

25. Plaintiff made her October and November payments.

26. In or around December 2009, Plaintiff called Defendant and spoke with Gutierrez. She told Gutierrez that she was moving to a different home, and making the December payment would be difficult because of moving expenses.

27. On that phone call, Gutierrez informed Plaintiff that she was allowed two months missed payments on a rehabilitation plan. He told her she could skip the December and January payments.

28. The Department of Education's regulation on rehabilitation of FFEL loans states that "a loan is considered to be rehabilitated only after … the borrower has made and the guaranty agency has received nine of the ten payments required under a monthly repayment agreement." 34 C.F.R. 682.405.

29. The representation stated in Paragraph 29 was false and was a false representation in connection with the collection of a debt.

30. On or around February 1, 2010, Plaintiff called Defendant to resume monthly payments. Gutierrez told her that in order to resume payments, she would have to pay more than $500 per month.

31. Plaintiff asked for a reasonable and affordable payment plan, but Defendant would not restore the $300 per month payment plan. Gutierrez told Plaintiff to fill out a financial profile form, and provide all due and past due bills to allow Defendant to determine what would be a reasonable and affordable payment plan.

32. On or around February 24, 2010, Plaintiff faxed the required documentation to Defendant.

33. On or around March 1, 2010, Plaintiff called Defendant to check the status of her reasonable and affordable payment plan. Gutierrez told Plaintiff her application was still in process.

34. On or around April 1, 2010, Plaintiff received a letter from Defendant stating that Plaintiff had to pay her loan in full. The letter made no reference to the status of her reasonable and affordable payment plan.

35. On May 21, 2010, Defendant began to garnish Plaintiff's wages in the amount of $187.51 per paycheck, or $405.96 per month.

36. On or around May 21, 2010, Plaintiff called Defendant. Gutierrez told her that she was being garnished because she was missing a document relevant to the review of her financial profile, and that if she wanted to end the wage garnishment, she would have to pay a fee of $500.

37. On May 25, 2010. Plaintiff sent the additional document.

38. Plaintiff did not receive a response to her application until on or around July 21, 2010. On or around that date, she received a letter dated July 12, 2010, requesting further documents for her reasonable and affordable payment plan.

39. This letter did not contain a disclosure that "this is communication is from a debt collector."

40. In the meantime, Defendant collected approximately $1,687.59 from Defendant pursuant to the wage garnishment.

41. The wage garnishment has made it difficult for Plaintiff to pay her other monthly bills.

42. The Defendant's statements and actions as well as that of its representatives, employees and/or agents were willful and intentional violations of the FDCPA.

43. As a consequence of the Defendant's collection activities and communications, Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

44. The representatives and/or collectors at Defendant were employees of Defendant at all times mentioned herein.

45. The representatives and/or collectors at Defendant were agents of the Defendant at all times mentioned herein.

46. The representatives and/or collectors at Defendant were acting within the course of their employment at all times mentioned herein.

47. The representatives and/or collectors at Defendant were acting within the scope of their employment at all times mentioned herein.

48. The representatives and/or collectors at Defendant were under the direct supervision of Defendant CTI at all times mentioned herein.

49. The representatives and/or collectors at Defendant were under the direct control of Defendant at all times mentioned herein.

50. The actions of the representatives and/or collectors at Defendant are imputed to their employer, Defendant.

51. As a direct and proximate cause of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I
## FDCPA VIOLATIONS

52. The previous paragraphs are incorporated into this Count as if set forth in full.

53. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. The Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff in connection with the collection of a debt at the consumer's place of employment, when Defendant knew or had reason to know that the Plaintiff's employer prohibits her from receiving such communication.

   b. The Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff required written notices within five days after the initial communication with Plaintiff in connection with the collection of a debt.

   c. The Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting the rules on rehabilitation of FFEL student loans to Plaintiff in connection with the collection of a debt.

   d. The Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in the July 12 letter that the "communication is from a debt collector."

54. The Defendant's violations were multiple, willful and intentional.

55.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

56.     The Plaintiff is entitled to and hereby demands a trial by jury. U.S.Const. amend 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE,** the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ David L. Friedman
David L. Friedman, Esq.
Friedman Iverson, PLLC
2945 44th Avenue South
Minneapolis, MN 55406
(612) 208-8871
*Attorney for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                                  ) ss
COUNTY OF HENNEPIN )

Rendee Foster, being duly sworn, states that:

1. I am the Plaintiff in this case.

2. I have read the Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this complaint is not being brought for any improper purpose, such as to harass the Defendant, cause unnecessary delay, or create a needless increase in the cost of litigation to the Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Dated:   September 10, 2010

*Rendee J Foster*
Rendee Foster

Subscribed and sworn to before me
This 10th day of September, 2010

*Ardeth M Carlstrom*
Notary Public

ARDETH M. CARLSTROM
Notary Public-Minnesota
My Commission Expires Jan 31, 2015